MARYLAND CASUALTY Co., Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 830. Argued July 11, 1932.—Decided July 29, 1932.

*Juan B. Soto* for petitioner. *R. Pérez Marchand, District Attorney of Ponce,* for the Industrial Commission. *F. Parra Toro* for the intervener workman.

MR. JUSTICE WOLF delivered the opinion of the Court.

The District Court of Ponce declared itself without juris-diction to hear a proceeding brought by the petitioner to annul an award of the Industrial Commission. The action of the district court was based on section 10 of Act No. 78 of 1931 (Laws of that year, page 488), which provides:

"That section 15 of the 'Workmen's Accident Compensation Act', approved May 14, 1928, is hereby amended to read as follows:

" 'Section 15.—Within fifteen days after the service of notice, any party in interest may present certified copies of an order or decision of the Industrial Commission or of a decision of a commissioner pursuant to section 14, from which no claim for review has been filed with the Commission within the time allowed there-, for, or of a memorandum of agreement between the parties approved by the Industrial Commission, to the district court for the district. in which the accident occurred, with a petition for review, where-upon said court shall order the Industrial Commission to forward the record in the case, shall hear the parties to the controversy, shall

render proper decision, and shall notify the parties. Decisions of the court shall have the same effect as a judgment rendered in a trial, but there shall be no appeal therefrom.' "

The petitioner in this case has presented arguments to the effect that the jurisdiction so conferred is a territorial one and that, hence, the proceeding may be brought in any court that might have jurisdiction of this or a similar subject matter. We, however, are clearly of the opinion that by the act of the Legislature only a district court where the accident occurred has jurisdiction of the subject matter. It is an exclusive jurisdiction conferred upon the subject matter under a special law. Considerations going to the submission by the parties or the general provisions of the Code of Civil Procedure in regard to submission have no application.

The writ should be annulled.